IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JULIE THOMPSON,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | No. 10cv33 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of April 30, 2005, plaintiff alleges disability due to multiple impairments. She asserts the Administrative Law Judge (ALJ) failed to give appropriate weight to the view of treating physician Peterson, erred in not recognizing inconsistencies in subjective allegations as symptoms of borderline personality disorder, and failed to set forth a proper hypothetical question to the vocational expert. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include epilepsy, mental impairments variously diagnosed as depression, dysthymia, provisional bipolar disorder, "rule out of borderline personality disorder," Barrett's esophagus, symptomatic biliary tract disease, obesity, and migraines, but further found plaintiff retained the ability to perform substantial gainful activity.

Upon review of the record, it is the court's view that the ALJ permissibly discounted the weight given to some of Dr. Peterson's views, observing that the record did not support a limitation that plaintiff is incapable of even "low stress" jobs, or that she would miss more than four days per month as a result of impairments or treatment if working (though Dr. Peterson observed she was "currently fine"). T. 23. The ALJ appropriately relied upon the record, including Dr. Peterson's views, in concluding that plaintiff's seizure symptoms were well controlled when she was compliant with medications, and that the last identified seizure occurred in 2005. T. 22-23. The ALJ's conclusions are also consistent with the findings of the consultative examination of Dr. Stientjes, and appropriately considered borderline personality traits. T. 24, 679-682.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court is satisfied that the ALJ's decision is supported by

substantial evidence on the record as a whole, and that vocational expert testimony establishes that plaintiff is able to engage in substantial gainful activity. T. 866-870.

It is therefore

ORDERED

Affirmed.

June 17, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT